## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

Endo Pharmaceuticals Inc., et al.,

        *Plaintiffs*,

    v.

Federal Trade Commission,

        *Defendant.*

CIVIL ACTION:  2:16-cv-05600-PD

## DECLARATORY JUDGMENT PLAINTIFF IMPAX LABORATORIES, INC.'S REQUEST FOR LEAVE TO SEEK FEES AND COSTS

## I.     INTRODUCTION

The parties have actively litigated the claims at issue in this action for nearly ten months now.  On January 19, 2017, the Federal Trade Commission (the "FTC") brought an administrative complaint against Impax Laboratories, Inc. ("Impax"), making virtually identical allegations as it did when it first sued Impax and others in federal court last year.  *See In the Matter of Impax Labs., Inc.*, FTC Dkt. No. 9373 (the "Administrative Action"); *FTC v. Endo Pharm. Inc.*, No. 2:16-cv-01440-PD (E.D. Pa.) (the "Original Action").  The FTC should have initially filed its claims, if at all, in administrative proceedings.  The FTC instead led the parties and this Court on a circuitous course of procedural hopscotch.  Many hours and dollars were expended in the prosecution, defense, and adjudication of the FTC's federal court claims.

The defendants to the Original Action jointly moved to dismiss the FTC's claims on the grounds that the FTC lacked authority to bring the suit and seek monetary relief in federal court.  *See* Dkt. 69, No. 16-cv-01440-PD.  The defendants also successfully moved to sever the FTC's Opana ER and Lidoderm claims.  *See* Dkt. 120, No. 16-cv-01440-PD.  In opposing the severance motion, the FTC told this Court that it would "voluntarily dismiss and refile the two separate cases" in other districts should this Court sever the claims.  Dkt. 73, at 2, No. 16-cv-01440-PD.  Once this Court granted the severance motion, the FTC withdrew

the Original Action under Rule 41(a), ostensibly so it could re-file its claims in other districts as promised. *See* Dkt. 121, 2:16-cv-01440-PD.

Because the FTC represented to this Court—in a filing subject to Rule 11 requirements no less—that it intended to re-file its Opana ER claims in the Northern District of Illinois, Impax and others initiated this Action (the "Declaratory Judgment Action"). The FTC moved to dismiss the Declaratory Judgment Action; the Declaratory Judgment Plaintiffs opposed that motion. *See* Dkt. 23, 2:16-cv-05600-PD; Dkt. 24, 2:16-cv-05600-PD. Then, on January 19, 2017, with another motion to dismiss still pending before this Court, the FTC voted to issue a complaint against Impax in the agency's Part III administrative court,[1] in which it may not seek disgorgement. Of course, this is exactly how Impax has contended the case should have proceeded all along (if it was to proceed at all). Had the FTC filed an administrative complaint last March, the parties would have completed their trial by now.[2] Instead, Impax has had to endure months of unnecessary and burdensome litigation caused by the FTC's tortuous path to finally suing Impax in Part III administrative court. As such, Impax respectfully

---

[1] The FTC notified Impax of that complaint on January 23, 2017.

[2] *See* FTC Rule 3.11(b)(4) ("Unless a different date is determined by the Commission, the date of the evidentiary hearing shall be 5 months from the date of the administrative complaint in a proceeding in which the Commission, in an ancillary proceeding, has sought or is seeking relief pursuant to Section 13(b) of the FTC Act, 15 U.S.C. 53(b), and 8 months from the date of issuance of the administrative complaint in all other proceedings.").

requests leave to seek its fees and costs borne during the Original and Declaratory

Judgment Actions.

## II.   THE COURT MAY PROPERLY ENTERTAIN AND GRANT IMPAX'S REQUEST FOR COSTS AND FEES

The parties agree that the FTC's newly-filed administrative action, including

the withdrawal of any claim for disgorgement and stipulation not to sue again in

federal court, moots this Action.  Accordingly, the FTC will be filing a joint

stipulation with Impax and Endo to dismiss the Declaratory Judgment Action and

thereby avoid further unnecessary and vexatious litigation.  This stipulation will

include a representation by the FTC that it will not bring any action against Impax

in federal court related to the Opana ER claims asserted by the FTC in this

administrative proceeding.  Nonetheless, the FTC's Administrative Action

*vindicates* the argument Impax has repeatedly made over the course of the Original

and Declaratory Judgment Actions—that the FTC should have sued in

administrative court in the first instance.  That the FTC itself eventually came to

the same conclusion does not negate the fact that the last ten months of litigation

have imposed substantial, unnecessary burdens and costs on the parties and this

Court.  Impax therefore requests that this Court grant Impax leave to seek the costs

and fees it incurred in connection with the Original and Declaratory Judgment

Actions.

This Court has jurisdiction to hear a petition for fees and costs, even though the FTC has withdrawn its claims in the Original Action. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990) ("It is well established that a federal court may consider collateral issues after an action is no longer pending."); *Bricklayers & Allied Craftworkers v. ARB Constr., Inc.*, No. CV 13-3883, 2016 WL 4943254, at *4 (E.D. Pa. Sept. 15, 2016) ("[A] voluntary dismissal does not deprive a district court of jurisdiction to resolve collateral issues such as motions for sanctions, attorney's fees or costs"); *Stauffer v. D.R. Horton, Inc.—N.J.*, No. CIV. 08-3459, 2008 WL 5215951, at *2 (E.D. Pa. Dec. 10, 2008) ("Although a timely notice of voluntary dismissal under Rule 41(a)(1)(A) usually ends a case and deprives the court of jurisdiction to issue a merits ruling, the court may continue to decide 'collateral' issues, including sanctions, costs, and attorneys' fees."); *Macheska v. Thomson Learning*, 347 F. Supp. 2d 169, 179 (M.D. Pa. 2004) ("Several courts have held that a voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(1) does not remove jurisdiction from the district court with respect to a motion for fees and costs pursuant to 28 U.S.C. § 1927").

This Court similarly retains jurisdiction to hear a motion for fees and costs for mooted actions. *See Zacharkiw v. Prudential Ins. Co. of Am.*, No. 10-CV-0639, 2012 WL 39870, at *1 (E.D. Pa. Jan. 6, 2012) ("We dismiss Plaintiff's complaint as moot, but we retain limited equitable jurisdiction to decide the collateral issue of

attorney's fees and costs."); *Pakovich v. Verizon LTD Plan*, 653 F.3d 488, 493 (7th Cir. 2011) (retaining jurisdiction to hear fee claims even though underlying ERISA claim was moot); *Anderson v. U.S. Dep't of Health & Human Servs.*, 3 F.3d 1383, 1385 (10th Cir. 1993) ("Dismissing the [FOIA] action as moot . . . did not affect plaintiff's right to seek attorney's fees; the fee request 'survive[d] independently under the court's equitable jurisdiction.'") (quoting *Carter v. Veterans Admin.*, 780 F.2d 1479, 1481 (9th Cir. 1986)); *Samsung Elecs. Co. v. Rambus, Inc.*, 398 F. Supp. 2d 470, 482 (E.D. Va. 2005) ("Where a court is divested of its subject matter jurisdiction over the substantive claim by virtue of intervening mootness, it nonetheless retains jurisdiction to 'consider collateral issues after an action is no longer pending.'" ) (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990)).

Rule 41(d) states that "[i]f a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court may order the plaintiff to pay all or part of the costs of that previous action."  Fed. R. Civ. P. 41(d).  The FTC did just that when it filed the Administrative Action against Impax.  In granting Defendants' motion to sever in the Original Action, this Court noted that "[s]hould the FTC voluntarily withdraw [its claims]," as the Commission has now done, this Court would "entertain Defendants' requests for fees and costs."  Dkt. 119, at 1, No. 2:16-cv-01440-PD.

The time is now ripe for this Court to entertain—and grant—Impax's request for costs and fees incurred in the Original Action.

This Court should likewise allow Impax to seek its fees and costs associated with the Declaratory Judgment Action.  Impax filed this Action in light of the FTC's representation to Impax and this Court, made pursuant to Rule 11, that it would withdraw and re-file its Opana ER claims in the Northern District of Illinois if this Court granted the Defendants' severance motion.  By the time the FTC withdrew the Original Action, the parties had already submitted a Rule 26(f) report, exchanged initial disclosures, negotiated a Protective Order and ESI Protocol, begun written and document discovery, and fully briefed a motion to dismiss that this Court described as "anything but frivolous."  Dkt. 119, at 7, No. 2:16-cv-01440-PD.

The Declaratory Judgment Action was intended to avert the duplicative expenses the parties and Courts would inevitably incur if the FTC forced them to jump through these same hoops once again in other jurisdictions.  But that's not to say that prosecuting the Declaratory Judgment Action has been easy or inexpensive.  The parties negotiated a proposed litigation schedule, propounded and responded to written discovery, and all but fully briefed a motion to dismiss— only to have the FTC change course yet again.  Had the FTC made up its mind to file the Administrative Action earlier, as Impax argued it should, the Declaratory

Judgment Action could have been avoided.  For these reasons, the Court should order the FTC to reimburse Impax for its costs and fees in this Declaratory Judgment Action.

### III.    CONCLUSION

Impax respectfully requests the Court to grant leave for Impax to seek its reasonable costs and fees associated with the Original and Declaratory Judgment Actions.

Respectfully Submitted,


Dated: January 27, 2017

 /s/*Edward D. Hassi*
Edward D. Hassi (*pro hac vice*)
Benjamin J. Hendricks (*pro hac vice*)
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006
Tel.: (202) 383-5300
Fax: (202) 383-5414
ehassi@omm.com
bhendricks@omm.com


Anna M. Fabish (*pro hac vice*)
Stephen J. McIntyre (*pro hac vice*)
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Tel: (213) 430-6000
Fax: (213) 430-6407
afabish@omm.com
smcintyre@omm.com

 /s/ *Joseph E. Wolfson*
Joseph E. Wolfson
STEVENS & LEE
620 Freedom Business Center
Suite 200
King of Prussia, PA 19406
Tel: (610) 205-6000
Fax: (610) 337-4374
jwo@stevenslee.com


*Counsel for Impax Laboratories, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of January, 2017, Plaintiff Impax

Laboratories, Inc.'s Request for Leave to Seek Fees and Costs was filed

electronically and served on counsel of record via the Court's CM/ECF Filing

System**.**

       s/ Benjamin J. Hendricks

Benjamin J. Hendricks
O'Melveny & Myers LLP
1625 Eye St. NW
Washington, DC 20006